IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| FRANCES STEWART | § | |
| v. | § | CIVIL ACTION NO. 5:16cv5 |
| JERRY ROCHELLE, ET AL. | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT**

The Plaintiff Frances Stewart, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of her constitutional rights. This Court ordered the case referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges. As Defendants, Plaintiff named Bowie County District Attorney Jerry Rochelle, assistant district attorneys Michael Shepard and Katie Curry Carter, Judge Leon Pesek, and Bowie County Public Defender Rick Shumaker.

Plaintiff's lawsuit complained of pending criminal charges for failure to appear. She asked for these charges to be dropped, compensation for the pain and suffering endured by her family and herself, and for the sealing of her criminal history with a bar to further prosecution.

After review of the pleadings, the Magistrate Judge issued a Report recommending dismissal of the lawsuit. The Magistrate Judge stated district courts must abstain when assumption of jurisdiction by a federal court would interfere with pending state criminal proceedings, citing Younger v. Harris, 401 U.S. 37, 46, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The Magistrate Judge further concluded monetary damages were not appropriate because Judge Pesek is shielded by judicial immunity; Rochelle, Shepard, and Carter are shielded by prosecutorial immunity; and, Shumaker is not a state actor and thus not amenable to suit under §1983.

A copy of the Magistrate Judge's Report was sent to Plaintiff at her last known address at the Plane State Jail in Dayton, Texas, but was returned with a handwritten note giving a new address in Marlin, apparently the Marlin Unit of the Texas Department of Criminal Justice, Correctional Institutions Division. A copy of the Report was sent to this address on June 23, 2016, but no objections have been received; accordingly, Plaintiff is barred from *de novo* review by the district judge of those findings, conclusions, and recommendations and, except upon grounds of plain error, from appellate review of the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. Douglass v. United Services Automobile Association, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

The Court has reviewed the record in this cause and the Report of the Magistrate Judge. Upon such review, the Court has determined the Report of the Magistrate Judge is correct. *See* United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir.), *cert. denied*, 492 U.S. 918, 109 S.Ct. 3243 (1989) (where no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law."). It is accordingly

**ORDERED** the Report of the Magistrate Judge (Docket No. 13) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** the above-styled civil action is **DISMISSED WITH PREJUDICE** for purposes of proceeding *in forma pauperis* for failure to state a claim upon which relief may be granted. The dismissal of this lawsuit shall not affect the Plaintiff's right to contest the criminal charges pending against her and shall not affect her right to appeal any conviction or seek other post-conviction relief in the event she is convicted on the charges against her. It is further

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED**.

**So ORDERED and SIGNED this 11th day of August, 2016.**

ROBERT W. SCHROEDER III
UNITED STATES DISTRICT JUDGE